IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN TRUST & SAVINGS BANK,

                Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY;
BREMSER, SCHOMMER & McHUGH, CPA's, LLC; and
BREMSER GROUP, INC.,

                Defendants.

ORDER

09-cv-474-slc

---

      This is a civil action for monetary relief brought by plaintiff American Trust & Savings Bank. Plaintiff asserts various contract and tort claims under Wisconsin law against defendants Philadelphia Indemnity Insurance Co., Bremser, Schommer & McHugh, CPA's, LLC and Bremser Group, Inc. Plaintiff contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). As the party that filed this case in federal court, plaintiff bears the burden of showing that federal jurisdiction exists. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). This court also has an independent obligation to ensure that diversity jurisdiction exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Tylka v. Gerber Products Company*, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiff's complaint and defendants' answer indicates that plaintiff has not provided enough information to allow this court to conclude that the parties are diverse under § 1332.

      Here's the gap: defendant Bremser, Schommer & McHugh, CPA's, LLC is a former limited liability company. Plaintiff's complaint states only that Bremser, Schommer & McHugh, CPA's, LLC was organized under the laws of Wisconsin and formerly had its principal place of business in Wisconsin. But the citizenship of a limited liability company is determined by the citizenship of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice

of removal was filed, and, if those members have members, the citizenship of those members as well"); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); 15 *Moore's Federal Practice*, § 102.57[8] at 102-140.2-141 (2008). Plaintiff has not identified the citizenship of the members of Bremser, Schommer & McHugh, CPA's, LLC.

Although I predict that plaintiff will be able to establish diversity of the parties, it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Therefore, I will give plaintiff a little over two weeks to establish the diversity of citizenship between plaintiff and defendants. Plaintiff is reminded that if any member of the limited liability company is an individual person, it is the citizenship, not the residency, of that person that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also* Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994).

ORDER

It is ORDERED that plaintiff American Trust & Savings Bank may have until December 11, 2009 in which to provide this court with verification of the diversity of citizenship between itself and defendants Philadelphia Indemnity Insurance Co., Bremser, Schommer & McHugh, CPA's, LLC and Bremser Group, Inc. Failure to comply with this deadline will result in dismissal of this case.

Entered this 25th day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge