IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| AMERICAN TRUST & SAVINGS BANK, | ORDER |
| Plaintiff, | 09-cv-474-wmc |
| v. | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, BREMSER, SCHOMMER & MCHUGH, CPA'S, LLC and BREMSER GROUP, INC., | |
| Defendants. | |

---

A final pretrial conference was held in this case on October 1, 2010, before United States District Judge William Conley. Plaintiff appeared by Andrew J. Parrish and Robert J. Kasieta. Jeffrey Vorwald, a representative of plaintiff, was also present. Defendants appeared by Bruce A. Schultz, Clifford Joe Cavitt, and Barbara J. Janaszek.

Counsel predicted that the case would take 5-6 days to try. In order to insure its prompt completion, trial days will begin at 8:30 and will run until 6:00, with at least an hour for lunch, a short break in the morning and another in the afternoon. Counsel should be prepared to call sufficient witnesses to fill each day with testimony and evidence, erring on the side of having too many than too few.

Counsel agreed that with the exception of experts, all witnesses would be sequestered. One party representative for plaintiff and one representative for defendants may be present in the courtroom. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for instruction on the system.

1

No later than noon on the Sunday before trial, plaintiff's counsel will advise defendants' counsel of the witnesses plaintiff will be calling on Monday and the order in which they will be called. Counsel should give similar advice at the end of each trial day; defendants' counsel shall have the same responsibility in advance of defendants' case.

Counsel may have until noon on Monday within which to file objections to the expert witness disclosures and narratives, as well as to the summaries of deposition testimony filed by opposing counsel. Before each expert testifies, the court will read finalized versions of the expert narratives. Counsel will then proceed with questioning the expert on substantive issues. With respect to the deposition summaries, counsel will read those to the jury.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objection at any bench conference.

Counsel are to provide copies of all documentary evidence or demonstrative materials to the court before the start of the first day of trial.

Counsel agreed to the voir dire questions in the form distributed to them at the conference, with the exception of minor changes that have been incorporated. The jury will consist of eight jurors to be selected from a qualified panel of fourteen. Each side will exercise three peremptory challenges against the panel. Before counsel give their opening statements, the court will give the jury the introductory instructions on the way in which the trial will proceed and their responsibilities during the trial. Each side will have 30 minutes for opening statements.

Counsel was provided the form of the verdict and the instructions on liability today. Final decisions on the instructions and form of the verdict will be made at the instruction conferences once all the evidence on liability is in. Counsel may present preliminary concerns on Monday at 8:00 a.m.

The following rulings were made on the parties' motions in limine.

**I. Plaintiff's Motions, dkt. #117**

1. Motion to prohibit reference to the banking crisis — GRANTED as unopposed.

2. Motion to prohibit reference to plaintiff's finances — GRANTED. Defendants may not comment on the wealth, assets or financial history of American Trust. If American Trust opens the door to this type of evidence by portraying itself as a small, family-owned, community bank, however, defendants may introduce evidence to the contrary.

3. Motion to prohibit reference to other lawsuits — GRANTED as unopposed. If counsel or witnesses refer to the previous state case between American Trust & Savings Bank and the Bremser defendants, it should be referenced merely as "another case" or "other litigation," with no explanation that the previous case involved the same parties, facts or claims as this case.

4. Motion to prohibit reference to damages which are not related to the assigned claims — GRANTED as unopposed.

5. Motion to prohibit defendants from disputing their liability — DENIED per the court's opinion on the parties' cross motions for summary judgment, dkt. #119.

**Defendants' Motions, dkt. #114**

1. Motion to prohibit reference to plaintiff's or defendants' wealth — GRANTED as unopposed.

2. Motion to prohibit reference or mention of Bremser's insurer or Philadelphia Indemnity Insurance Company, after the parties have been identified at the outset of trial — GRANTED, with the understanding that Philadelphia Indemnity Insurance Company is not challenging coverage and its counsel is not undertaking an independent role during the trial.

3. Motion to prohibit introduction of any evidence concerning Frank Bremser's or David Hegg's employment history at Suby, Von Haden & Associates, S.C. — GRANTED, so long as defendants do not open the door to such line of inquiry by touting the experience they gained at Suby, Von Haden & Associates, S.C.

4. Motion to prohibit reference to Enron or any other high-profile cases concerning claims of accounting malfeasance, or to the public's trust in accountants — GRANTED in part and DENIED in part.

The motion is granted with respect to testimony or argument regarding high profile accounting cases such as Enron that would inflame the jury. The motion is denied with respect to references, both to testimony and in closing argument, to an accountant's duty to the public and its client and the public's trust in an accountants' services. Such testimony or argument is relevant to an accountant's duty and whether Shullsburg Creamery's reliance on its accountants was reasonable.

5. Motion to preclude argument or evidence regarding the May 2005 audit or argument

4

or evidence suggesting that the Creamery relied on the audit to make any business decisions or that the audit was a cause of the Creamery's alleged damages — DENIED.

At this stage, the court cannot conclude that this evidence is irrelevant. The audit may contain evidence of defendants' prior allegedly negligent acts and alleged misrepresentations. In addition, if there is evidence that Shullsburg Creamery relied on the audit to continue with its expansion or make other business decisions, the audit would be relevant to causation.

6. Motion to preclude plaintiff from arguing or making any comments suggesting that it previously sued Bremser, or that Bremser was found liable for damages allegedly sustained by American Trust — GRANTED as unopposed.

7. Motion to preclude evidence, testimony or questioning regarding Bremser's document destruction policies and practices — GRANTED as unopposed.

8. Motion to sequester witnesses — GRANTED, with the exception that expert witnesses who have been named formally and provided expert reports may remain in the courtroom.

9. Motion requesting the court to order parties to instruct each witness how the rulings on the motions in limine affect the witness' testimony — GRANTED as unopposed.

**Defendants' Supplemental Motion, dkt. #135**

Motion to exclude testimony or argument by Jeffrey Vorwald, or others, concerning American Trust's reliance on accounting services performed by Bremser for the Creamery in lending money to the Creamery — DENIED except that plaintiff should not present testimony or argument suggesting that because American Trust incurred damages, the Creamery also

incurred damages. Any testimony or argument regarding American Trust's reliance on the Bremser defendants' accounting services must be tied to reliance by the Creamery.

The court notes defendants' ongoing objection to any testimony or evidence offered by plaintiff regarding American Trust's reliance on work performed by the Bremser defendants and directs that objection is preserved throughout trial.

**Defendants' Motion for Permission to Adversely Call Witnesses Associated with Shullsburg Creamery, dkt. #142**

This motion is GRANTED with respect to Arthur "Bill" Stocker, II, because he worked closed with American Trust, was a principal of Shullsburg Creamery, likely holds loyalty to the Creamery and is therefore unlikely to place blame on the Creamery for its own downfall, whether or not the Creamery was partially responsible. While many of the same concerns apply to Timothy Baye and Dennis Bollhorst are adverse to defendants. Defendants make ask leading questions of Baye and Bollhorst if defendants demonstrate, through questioning or otherwise, that the defendants are non-cooperative or adverse.

Entered this 1st day of October, 2010

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge